N. BAXTER, JR., Clerk and Master, *v.* W. D. GRANDSTAFF and others.

October Term, 1876.

AMENDMENT OF PETITION FOR WRIT OF ERROR CORAM NOBIS. — A petition for a writ of error *coram nobis* may be amended on good cause shown, although leave to amend should be guardedly awarded; and, as a precaution, the amendment, if based on information and belief, should be sustained by the affidavits of persons acquainted with the facts.

*John Reid*, for complainant.
*Helms & Hicks*, for defendants.

THE CHANCELLOR : — On May 5, 1876, N. Baxter, Jr., clerk and master, on motion in this court, recovered a judgment against W. D. Grandstaff as sheriff of Wilson County, and against the other defendants as the sureties on his official bond, for the failure to make due and proper return of an execution returnable to that term of the court. On September 18, 1876, Grandstaff and his sureties filed their petition to supersede the execution issued on the judgment taken against them, and for a writ of error *coram nobis* to

enable them to make defence. The ground of their application was the want of notice of the motion, and that they had a meritorious defence in this : that the execution, for the non-return of which judgment was taken against them by motion, was placed in the hands of a deputy of the sheriff, who had exercised due diligence, and, after ascertaining that there was no property to be found, in his county, of the defendants in the execution, had in due time made a return on the back of the writ to this effect, and had deposited the same, sealed up and directed to the clerk and master of this court, in the post-office at Lebanon, the county-seat of his county, " in due time before the return-day of the writ." Upon this petition, I granted a *supersedeas*, at chambers, on September 14, 1876.

At an early day of the present term, the counsel for the clerk and master moved the court to dismiss the petition, upon the ground that the sheriff was not authorized to return the execution by mail unless it was " sealed up in the presence of the postmaster," as required by the Code, sec. 3601, and that the petition was fatally defective in not showing that the writ was so sealed up in this instance. The petitioners asked time to file an amended petition, if the facts would justify the filing, and time was given accordingly. The petitioners have now presented, and offer to file, an amended petition, sworn to by the sheriff, in which they state, " upon information and belief," that the deputy-sheriff who had charge of the execution did make due and proper search for property of the defendants on which to levy, and finding none, made due return of the fact on the back of the execution, placed it in an envelope directed to N. Baxter, Jr., clerk and master, at Nashville, Tennessee, " and sealed said envelope, with said execution therein, in the presence of the postmaster at Lebanon, Wilson County, Tenn., and then and there placed said envelope, with said execution therein, so directed as aforesaid, in said post-office, in the presence of the said postmaster," in time to have reached Nashville, in

regular course of mail, before the lawful return-day of said execution. The amendment thus offered does squarely cover the original ground of objection, and would have obviated it if it had been embodied in the first petition.

The learned counsel for the judgment-creditor opposes the giving permission to file the amendment, —

1. Because no reason is assigned for not stating the essential fact in the original petition.

2. Because the statement of the essential fact is upon information and belief, and should have been accompanied by the affidavit of the deputy-sheriff.

Another objection is also made, namely, that " no amendment will be allowed to a sheriff after a motion against him and his sureties." The authorities cited upon this point only hold that the sheriff will not be allowed to amend the return upon the execution after motion. But the present application is not for leave to amend the return upon the execution, but to amend the petition for a *supersedeas* and writ of error so as to show that a legal return was made in due time. The amendment of the return itself, after motion, would be to change the rights of the suitors as they existed when the motion was made. The amendment of the petition would not affect these rights in the least, but only give the petitioners the opportunity of showing the true state of facts at that time. The distinction between the two cases is the well-recognized difference between rights and remedies.

The petition does not disclose why the fact embodied in the amendment was not stated in the original petition; nor is this necessary. The court might, under the same circumstances, require an affidavit assigning a sufficient reason for the omission, before it would give leave to amend, as it sometimes does in applications to file an amended bill. But, if the fact be as stated in the amendment, the omission is so obviously an oversight that a preliminary affidavit would be a useless form. The petitioners' counsel, look-

ing to the substance that there was a return, might well think that a general averment was sufficient. The amendment is not a change of base, but an addition to an allegation in terms broad enough, and only defective in not giving all the details rendered necessary by the statutes.

The real question is whether an amendment to a petition for a *supersedeas* and writ of error *coram nobis* is admissible. Upon this point we have no direct decisions. On principle, however, there can be no doubt, since, by statute, the widest liberty of amendment, in order to attain the ends of justice, is conceded (Code, sec. 2863), and as, by the practice of courts of equity, amendments have always been allowable in any stage of a cause, and of any part of the proceedings, even sworn answers, upon sufficient cause shown. And we have positive decisions in the analogous case of a petition for a *certiorari* and *supersedeas* to bring up a case from before a justice of the peace for retrial. It has been expressly held that amendments are in such cases permissible, though, say the court, " certainly such amendments, like those to answers in the chancery courts, should be very guardedly awarded." *Steel* v. *West*, 7 Humph. 110 ; *Hollins* v. *Johnson*, 3 Head, 348.

I am of opinion that a petition like the one before us may be amended upon good cause shown, and especially where the amendment is not a material change of the original ground of application, but only an addition in the details. I agree, however, fully with the Supreme Court that such amendments should be " very guardedly awarded." And this, not merely as a preventive of perjury, but as a hindrance to useless and expensive litigation. The facts stated in the amended petition, if they had been stated in the original petition, would have been sufficient to entitle the petitioners to the writ of error *coram nobis*. Not having been then stated, it is in the sound discretion of the court to allow them to be made now, unconditionally or upon terms. Ordinarily, the mere fact that the petition is

" upon information and belief" would not be sufficient to require the imposition of terms. In this case, however, the post-office at which this writ is alleged to have been mailed is in an adjoining county, and its mail-matter daily transmitted to Nashville by railroad. The contingency of loss is exceedingly remote. The officer to whom it is stated to have been directed is a sworn officer of this court, acting in this matter for others, and there is every presumption that he would not have taken a judgment by motion for the nonreturn of the execution if it had been in fact received. The result, moreover, of a hearing upon an assignment of errors must almost necessarily turn upon the evidence of the deputy-sheriff and postmaster, and their affidavits may render the cost of such a hearing unadvisable. The clerk, as the officer of the court, and the persons he represents as its suitors, are entitled to the protection of this court from unnecessary costs where the application is not of right, but addressed to the discretion of the judge. Under these circumstances, I concur with the opposing counsel in thinking that the application to amend ought to be supported by the affidavits of persons having actual knowledge. I will therefore give the petitioners reasonable time to procure and file the affidavits of the deputy-sheriff and postmaster as to the material facts stated in the amended petition, and will suspend action upon the application until the expiration of the time. To save expense and delay, the affidavits may be sworn to before the clerk and master of the Chancery Court at Lebanon.